# EXHIBIT A

# EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR ISLAND COUNTY

| | |
|---|---|
| ANTHONY BEMELMAN, | NO. |
| Plaintiff, | **SUMMONS** |
| -vs- | |
| DEERE & COMPANY, | |
| Defendant. | |

**TO THE DEFENDANT:**   DEERE & COMPANY

A lawsuit has been started against you in the above-entitled court by the plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the plaintiff within twenty (20) days after service of this summons or within sixty (60) days if this summons was served outside the State of Washington, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the plaintiff is entitled to what he asks

BUCKLEY & ASSOCIATES, PS, INC.
ATTORNEYS AT LAW
675 South Lane Street, Suite 300
Seattle, Washington 98104
(206) 622-1100 Fax (206) 622-0688

SUMMONS – 1

for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the plaintiff. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 9th day of March, 2020.

BUCKLEY & ASSOCIATES
Attorneys for Plaintiff

BY: _____
RONALD L. UNGER
WSBA #: 16875

BUCKLEY & ASSOCIATES, PS, INC.
ATTORNEYS AT LAW
675 South Lane Street, Suite 300
Seattle, Washington 98104
(206) 622-1100 Fax (206) 622-0688

SUMMONS - 2

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR ISLAND COUNTY

| | |
|---|---|
| ANTHONY BEMELMAN, | NO. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| -vs- | |
| DEERE & COMPANY, | |
| Defendant. | |

**COMES NOW** the plaintiff, by and through his attorneys, Buckley & Associates, and for claims against the defendant, alleges as follows:

I. PARTIES/ JURISDICTION

1.1 The plaintiff resides in Island County, Washington.

1.2 At all times material herein, the defendant was a foreign profit corporation doing business in Island County, Washington.

1.3 All acts and omissions material to this lawsuit occurred in Island County, Washington.

1.4 This court has jurisdiction and venue over the parties and the subject matter of this action.

BUCKLEY & ASSOCIATES, PS, INC.
ATTORNEYS AT LAW
675 South Lane Street, Suite 300
Seattle, Washington 98104
(206) 622-1100 Fax (206) 622-0688

COMPLAINT - 1

## II.     FACTS

2.1     On or about February 23, 2018, the plaintiff slipped on some ice near an operating John Deere mini excavator, model number 27D, serial number 1FF027DXPCG257225 (hereinafter, the "mini excavator".

2.2     The aforesaid min-excavator was manufactured, designed and sold by the defendant.

2.3     After slipping, the plaintiff's right hand landed between the track chain and sprocket while the tracks were engaged and rotating, causing severe injury.

2.4     At the time of the injury to the plaintiff, the tracks were engaged and rotating on the mini excavator even though there was no operator present, rendering the mini excavator unreasonably dangerous in design and exposing persons near the mini excavator to an inherent danger.

2.5     At the time of the injury, there was no guard over the chain and sprocket, thereby rendering the mini excavator unreasonably dangerous in design and exposing persons near the mini excavator to an inherent danger.

2.6     At the time of the injury, the mini-excavator did not have any signs or warnings for operators or other persons about the danger created by the open condition of the engaged chain and sprocket, thereby rendering the mini excavator unreasonably dangerous and exposing persons near the mini excavator to an inherent danger.

2.7     At the time of the injury, the defendant knew or should have known about the dangerous condition of the open sprocket and chain which could be engaged while no operator was present.

COMPLAINT - 2

BUCKLEY & ASSOCIATES, PS, INC.
ATTORNEYS AT LAW
675 South Lane Street, Suite 300
Seattle, Washington 98104
(206) 622-1100 Fax (206) 622-0688

2.8   The defendant failed to exercise reasonable care that the mini excavator it sold was: a) reasonably safe in design; b) reasonably safe in construction; and 3) that adequate warnings and instructions were provided to eliminate the injuries the plaintiff sustained. Said failures constitute negligent conduct and were a proximate cause of the plaintiff's personal injuries and damages in an amount to be proven at trial.

2.9   The mini excavator was not reasonably safe in design and as a proximate cause of the unsafe design, the plaintiff sustained personal injuries and damages in an amount to be proven at trial.

2.10   The mini excavator was not reasonably safe because adequate warnings and instructions were not provided and as a proximate cause of the failure to provide adequate warnings and instructions, the plaintiff sustained personal injuries and damages in an amount to be proven at trial.

III.

3.1   The plaintiff hereby waives the physician-patient privilege to the extent required by RCW 5.60.060, as limited by the plaintiff's constitutional rights of privacy, contractual rights of privacy, and the ethical obligations of physicians and attorneys not to engage in ex parte contact between a treating physician and the patients' legal adversaries.

IV.   CAUSES OF ACTION

**Negligence**

4.1   All acts and omissions alleged in 1.1-3.1 are re-alleged as if set forth fully herein. The acts and omissions of the defendant constitute negligent conduct.

4.2   As a proximate cause of the negligent conduct of the defendant, the plaintiff sustained personal injuries and damages and special damages in an amount to be proven at trial.

BUCKLEY & ASSOCIATES, PS, INC.
ATTORNEYS AT LAW
675 South Lane Street, Suite 300
Seattle, Washington 98104
(206) 622-1100 Fax (206) 622-0688

COMPLAINT - 3

Product Liability

4.3     The defendant is liable due to the following: 1) providing a product that was not reasonably safe in design; 3) providing a product that was not reasonably safe because no adequate warnings or instructions were given.

4.4     The acts and omissions of the defendant proximately caused the plaintiff to sustain great bodily injuries and pain and suffering and other damages in an amount to be proven at trial.

V.    **RELIEF REQUESTED**

WHEREFORE, the plaintiff prays for the following relief:

1.   For judgment against the defendant for general and special damages in an amount to be proven at the time of trial;

2.   For attorney fees and costs; and

3.   For such other and further relief as the Court may deem just and equitable in the premises.

DATED this ____ day of _____, 2020

BUCKLEY & ASSOCIATES
Attorneys for Plaintiffs

BY: _____
RONALD L. UNGER
WSBA #: 16875

BUCKLEY & ASSOCIATES, PS, INC.
ATTORNEYS AT LAW
675 South Lane Street, Suite 300
Seattle, Washington 98104
(206) 622-1100 Fax (206) 622-0688

COMPLAINT - 4